IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAD ALLEN MELTON,

      Petitioner,

      v.

CASE NO. 2:10-CV-203
JUDGE SARGUS
MAGISTRATE JUDGE KING

DONALD MORGAN, WARDEN,

      Respondent.

## OPINION AND ORDER

On December 20, 2010, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section § 2254 Cases in the United States District Courts recommending that Respondent's *Motion to Dismiss,* Doc. 6, be granted. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* Doc. 9. Respondent has filed a *Reply.* Doc. 11. For the reasons that follow, this action is hereby **DISMISSED** without prejudice as unexhausted.

The Magistrate Judge recommended that the action be dismissed as time-barred under 28 U.S.C. §2244(d). Petitioner objects, arguing that the statute of limitations did not begin to run until 2010, when he first learned that the trial court had issued a January 10, 2005 *Amended Judgment Entry* increasing the term of Petitioner's sentence. Petitioner complains that he did not agree to any increase in the terms of his sentence, and alleges that he is now being illegally held beyond his original anticipated release date of June 12, 2010. *Objections,* at 2.

As detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner entered pleas of no contest to charges of failure to comply with the order or signal of a police officer, two counts of grand theft, two counts of breaking and entering, having weapons while under disability and

robbery, with firearm specifications. On December 13, 2004, the state trial court sentenced Petitioner and indicated that the sentences in Counts 1, 4 and 7 would run consecutively to each other (for an aggregate term of four years) and consecutively to the sentences in Counts 2, 3, 5 and 6; the sentences in Counts 2, 3, 5 and 6 would run concurrently to each other (for an aggregate term of one year) and concurrently with the sentences imposed in Counts 1, 4 and 7. *Exhibit 2 to Motion to Dismiss*. Petitioner was to serve one year on the firearm specifications "concurrent to each other but prior to and consecutive with the sentences in Counts 1 through 7." *Exhibit 2 to Motion to Dismiss*. Therefore, it is unclear from the trial court's December 13, 2004 judgment entry whether the trial court intended Petitioner's sentences on Counts 1, 4 and 7 to run consecutively to, or concurrently with, his sentences on Counts 2, 3, 5 and 6. On January 10, 2005, the trial court issued an *Amended Judgment Entry*, clarifying that the sentences in Counts 1, 4 and 7 would run consecutively to each other and consecutively to the sentences in Counts 2, 3, 5 and 6. The sentences in Counts 2, 3, 5 and 6 would run concurrently to each other and consecutively with the sentences imposed in Counts 1, 4 and 7. Petitioner's sentence on the firearm specifications remained unchanged. *Exhibit 3 to Motion to Dismiss*.

Petitioner represents that he did not learn of the *Amended Judgment Entry* until 2010. A certified copy of the *Amended Judgment Entry* was mailed to the Bureau of Sentence Computation to the attention of "Novica Olinger" and to Petitioner's attorney of record. *See Exhibits to Objections; Exhibits 2, 3 to Motion to Dismiss*. On January 14, 2010, Petitioner made a written request of the trial court for an attorney to represent him on appeal. The trial court denied that request. *See Exhibit 7 to Motion to Dismiss*. In February 2010, Petitioner filed a motion for judicial

2

release, which motion the trial court denied.[1] *Id.* In March 2010, Petitioner filed a motion to withdraw his no contest plea, arguing that he had been denied the effective assistance of counsel. *Exhibit 4 to Motion to Dismiss.* On March 23, 2010, the trial court denied that motion. On March 8, 2010, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court improperly increased the terms of his December 2004 sentence from five to six and one half years incarceration by issuance of the January 10, 2005, *Amended Judgment Entry*.

Respondent argues that the trial court merely corrected a clerical error in its initial *Judgment Entry* and thereby properly issued the *Amended Judgment Entry* without a hearing. In support of this argument, Respondent notes that the trial court's *Judgment Entry* and *Amended Judgment Entry* indicate that a copies were mailed to Petitioner's attorney of record. *Exhibits 2, 3 to Motion to Dismiss.*[2] Additionally, Respondent contends that Petitioner cannot establish that he acted diligently in pursuing his claim such that equitable tolling of the statute of limitations would be appropriate.

Because the transcript of Petitioner's no contest plea and sentencing are not a part of the record before this Court, and nothing in the record establishes the date upon which Petitioner actually received notice of the trial court's January 10, 2005, *Amended Judgment Entry*, this Court is unable to verify whether the trial court merely corrected a clerical error regarding the terms of Petitioner's sentence, or whether Petitioner acted diligently in not learning about the purported change in his

---

[1] The basis for this motion is unclear.

[2] This Court, however, is unable to determine from the record the precise date upon which Petitioner received notice of the *Amended Judgment Entry*. The guilty plea and sentencing transcript have not been made a part of the record before this Court.

3

sentence until 2010 such that his claim is now time-barred.[3] *See, e.g., DiCenzi v. Rose*, 452 F.3d 465, 470-71 (6th Cir. 2006)("[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim.") In any event, the record suggests that Petitioner's claim remains unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner has never presented his claim to the state courts. He may still do so by way of a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A). He must file an appeal of any adverse decision in the Ohio court of appeals to the Ohio Supreme Court in order to exhaust his claim. Therefore, this action remains unexhausted.

The record, moreover, would suggest that a stay of proceedings is not warranted under *Rhines*

---

[3] Petitioner filed this habeas corpus petition on March 8, 2010.

4

*v. Weber*, 544 U.S. 269, 274 (2005).

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.*, at 277. This Court is not persuaded that Petitioner can establish good cause for his failure to pursue a direct appeal to date, since he allegedly learned of the trial court's *Amended Judgment Entry* in 2010, but has neither attempted to file a motion for delayed appeal nor raised his claim in his March 2010 motion to withdraw his no contest plea.

Under these circumstances, the Court concludes that the action is unexhausted and, for that reason, must be and is hereby **DISMISSED** without prejudice as unexhausted.

The Clerk shall enter **FINAL JUDGMENT**.

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

.Date  2-8-2011

5